IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-135-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| WILLIAM WALDEN, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his mother, and introduced a letter from his employer stating that he was welcome to return to his job if released. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a two-count indictment on 19 April 2012 with possession with the intent to distribute 28 grams or more of cocaine base (crack) in violation of 21 U.S.C. §

841(a)(1) (ct. 1); and possession of a sawed off shotgun in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (ct. 2). The alleged offense date in each count is 7 October 2011.

The evidence presented at the hearing showed that the charges arise from an incident on the alleged offense date in which officers investigating a car theft approached defendant's home at which defendant, who matched the description of the car thief, and another person, William Lassiter, were standing on the front porch. Both men left the porch. As defendant exited the rear of the home, he dropped what was subsequently determined to be 56 grams of crack. A search of defendant's bedroom located a sawed-off shotgun, marijuana, baggies, two digital scales, and two children age two or younger. In addition, police found $1,200.00 in defendant's pockets.

In a subsequent interview, defendant admitted that he had been holding the crack that was dropped, he and Lassiter had been smoking marijuana, he had told Lassiter to leave after seeing the police, and he had sold crack for Lassiter 13 to 14 times during 2011. Defendant entered into a plea agreement with the government whereby he agreed to plead guilty to a criminal information. He arrived about three hours late for the original setting for the arraignment on the information and failed to appear at all for the rescheduled arraignment. He was subsequently indicted.

### Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the

evidence reviewed above; the drug- and gun-related nature of the offenses charged; the circumstances of the offenses charged, including the presence of young children in the bedroom with the shotgun, marijuana, and drug paraphernalia, and defendant's use of marijuana around the time of the offenses; defendant's failure to appear timely at the original setting of his arraignment and to appear at all at the second setting; the danger of continued offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the presence of minor children in the home, the proposed custodian's work schedule, and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's purchase of the shotgun many years ago, his lack of a criminal record, his provision of information to the authorities regarding others' criminal activities, and his opportunity to remain employed if released. The court finds, however, that the factors favoring detention outweigh such evidence, especially his failure to appear at the two settings for his arraignment as required. Since defendant by his own admission engaged in distribution of crack while holding his present job, his opportunity to continue in that position if released does not convincingly show that such employment would reduce the likelihood of his engaging in offense conduct.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an

attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 17th day of August 2012.

_____
James E. Gates
United States Magistrate Judge